## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GAN SHI LU,** | Civil Action No. 13-1837 (FSH) |
| **Plaintiff,** | |
| **v.** | **REPORT & RECOMMENDATION** |
| **ANDREW WEINBERGER,** | |
| **Defendant.** | |

      **THIS MATTER** has come before the Court on Order for Defendant to Show Cause why Defendant's Answer should not be stricken for failure to comply with this Court's discovery Orders.   *See* Docket Entry No. 35.   The Court conducted an in-person hearing on April 28, 2014. Plaintiff Gan Shi Lu, *pro se,* appeared on his own behalf.   Defendant Andrew Weinberger, *pro se,* did not appear.   For the reasons set forth on the record and as stated below, it is respectfully recommended that Defendant's Answer be stricken and default entered.

## BACKGROUND

      On January 8, 2013, Plaintiff filed the Complaint in the Eastern District of New York, alleging that Defendant took a substantial portion of Plaintiff's Magic Trading Card collection and sold it abroad.   *See* Docket Entry No. 1.   Plaintiff seeks damages for conversion, fraud, and misrepresentation.   *Id.*   Defendant Weinberger filed a Motion to Dismiss on March 21, 2013, questioning whether there was personal jurisdiction over Defendant in New York.   Instead of dismissing the case, the New York Court transferred the action to the District of New Jersey where venue was proper.   *See* Minute Entry and Order for Initial State Conference and Hearing, March 22, 2013 & Docket Entry No. 10.

On April 23, 2013, Defendant Weinberger filed a new Motion to Dismiss.  *See* Docket Entry No. 18.   On the same day, he filed a Notice of Consent & Registration Form to Receive Documents Electronically, in which he elected to receive service of documents through the Court's electronic system and waived his right to receive such notices by first class mail.  *See* Docket Entry No. 17.   The Consent & Registration Form also acknowledges Defendant's responsibility to inform the Court of any changes in his personal information, including home and email addresses.  *Id.*   The Court notes it has not received any indication that Defendant's home or email addresses are incorrect, nor has it received any indication that Defendant has not received notice of the Orders issued by this Court.

On September 13, 2013, the Court denied Defendant's Motion to Dismiss.   On December 3, 2013, the Court conducted an initial scheduling conference.  *See* Scheduling Order dated December 4, 2013, at Docket Entry No. 27 ("December 4 Order").   Both Plaintiff and Defendant appeared in person, *pro se*.   The Court set a schedule for discovery and motions, as memorialized in the December 4 Order.   As the time to answer had passed, the Court granted an extension and instructed the Defendant to file an Answer by no later than December 13, 2013, which he did.  *See id.* & Answer, at Docket 28.   The parties were to exchange Rule 26 disclosures by December 20, 2013.  *Id.*   Written discovery requests were to be served by January 8, 2014, and responses were to be served by no later than February 8, 2014.  *Id.*   Fact discovery remained open until April 30, but the parties were to notify the Court of any discovery disputes by February 28, 2014. *Id.*

By letter dated February 27, 2014, Plaintiff informed the Court that he had not received Defendant's Rule 26 disclosures.  *See* Docket Entry No. 32.   The Court issued an Order, dated February 28, 2014, directing Defendant to provide his Rule 26 disclosures within 14 days.  *See*

Docket Entry No. 31.   If he failed to do so, the Court would issue an Order to Show Cause why his Answer should not be stricken.   *Id.*   The Court reminded Defendant that failure to participate in the litigation risked the entry of default.   *Id.*

On March 19, 2014, Plaintiff informed the Court of Defendant's continued failure to submit his Rule 26 disclosures, and on March 31, the Court issued an Order to Show Cause why the Answer should not be stricken and default entered.   *See* Docket Entry Nos. 33 & 35. Defendant was to file a position paper addressing whether there is good cause why his Answer should not stricken by April 11 and to appear for an in-person hearing on April 28.   No position paper was received.

On April 28, 2014, the Court conducted the in-person hearing on the record.   Plaintiff appeared *pro se*.   Defendant did not appear.   The Court engaged Plaintiff in a colloquy during which Plaintiff stated that he served his discovery requests via FedEx and UPS, but that Defendant had not responded or reached out to him relating to the discovery in the case.

The Court notes that it has not received any communication from Defendant in relation to any order or issue in this case since Defendant's appearance at the Rule 16 initial conference and filing of the Answer on December 13, 2013.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute or defend a case.   *See* Fed.R.Civ.P. 37(b)(2). Rule 37(b)(2) explicitly recognizes the court's ability to strike a pleading, in whole or in part, for failure "to obey an order to provide or permit discovery."   *Id.*

However, where a sanction may "deprive a party of the right to proceed with or defend

3

against a claim," courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose the sanction. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148.   The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868 (emphasis omitted).   No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met.   *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

**1. Defendant's Personal Responsibility.**   It appears that Defendant is responsible for his failure to defend.   Defendant personally appeared before the Court for the initial conference and participated in the conference to set dates for the length of the case.   It is clear he was aware of the dates and his responsibilities of the litigation.   As mentioned above, the Court has not received any indication that Defendant has not received notice of any Orders nor has he informed the Court of any intervening factors preventing him from defending his case.   Additionally, it appears he has ignored discovery served upon him by Plaintiff through private means.

All signs indicate that Defendant has merely stopped participating.   In light of Defendant's knowledge of his responsibilities and apparent failure to meet his obligations, this factor weighs in favor of striking the Answer.

**2.   Prejudice to Plaintiff.**   The prejudice to Plaintiff is apparent.   Defendant has refused to respond to Plaintiff's discovery and to Court Orders.   This case simply cannot proceed without Defendant's cooperation.   This factor weighs heavily in favor of striking the Answer.

3.   **History of Dilatoriness.**   Defendant has a clear history of dilatoriness in that he has failed to participate or meet any deadline since the filing of his Answer in December, 2013, over five months ago.   Defendant's continued inaction further supports striking the Answer.

4.   **Willfulness or Bad Faith.**   It is unclear whether Defendant's failure to respond to discovery and Court Orders is done in bad faith, but the repeated failure to respond to discovery and Court Orders leans toward a finding of willful conduct.   As mentioned above, Defendant participated in the initial conference and was aware of the deadlines in this matter.   His failure to participate combined with his failure to communicate with Plaintiff or the Court, smacks of willful conduct and weighs heavily in favor of striking the Answer.

5.   **Effectiveness of Alternative Sanctions.**   Under *Poulis*, courts must consider alternative remedies, such as attorneys' fees or preclusion of claims, before striking a pleading and entering default.   *See Ghana v. New Jersey State Parole Bd.*, 2011 WL 3608633, at *10 (D.N.J. Aug. 15, 2011).   Here, however, both parties are proceeding *pro se,* and thus litigation costs and other forms of sanctions are limited if not impossible.   Moreover, Defendant was warned that further inaction could result in the striking of the Answer and the entry of default, and yet Defendant remains silent.   If the threat of striking the Answer failed to ensure compliance, the Court finds that alternative sanction would be just as futile.

6.   **Meritoriousness of the Claims.**   The Court is unable to determine the meritoriousness of Defendant's defenses or counterclaims as this case is in its earliest stages.

In sum, the Court finds the *Poulis* factors weigh in favor of striking Defendant's Answer and entering default against Defendant.   Of primary concern is the failure to abide discovery deadlines and communicate with Plaintiff or the Court.   The prejudice of Defendant's actions to

Plaintiff's ability to litigate is obvious.   Therefore, the Undersigned recommends that the District Court strike Defendant's Answer and enter default.

## <u>CONCLUSION</u>

The Court having conducted a hearing on the record on April 28, 2014; and the Court further having given consideration of the *Poulis* factors;

**IT IS** on this **2nd** day of **May, 2014,**

**RECOMMENDED** that Defendant's Answer be stricken pursuant to Fed.R.Civ.P. 37(b)(2) and default entered.

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed.R.Civ.P. 72(b)(2).

   s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**

6